CSM LEGAL, P.C.
60 East 42nd Street, Suite 4510
New York, New York 10165
Telephone: (212) 317-1200
Facsimile: (212) 317-1620
*Attorneys for Plaintiff*

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-------------------------------------------------------X
RONALD LISANDRO CASTRO LUGO,
*individually and on behalf of others similarly*
*situated,*

**COMPLAINT**

*Plaintiff*,

-against-

**COLLECTIVE ACTION UNDER**
**29 U.S.C. § 216(b)**

D I A DELI GROCERY CORP. (D/B/A DIA
DELI GROCERY), ALEX PERDOMO, and
YESENIA PERDOMO,

**ECF Case**

*Defendants.*
-------------------------------------------------------X

Plaintiff Ronald Lisandro Castro Lugo ("Plaintiff Castro" or "Mr. Castro"), individually

and on behalf of others similarly situated, by and through his attorneys, CSM Legal, P.C., upon

his knowledge and belief, and as against D I A Deli Grocery Corp. (d/b/a Dia Deli Grocery),

("Defendant Corporation"), Alex Perdomo, and Yesenia Perdomo, ("Individual Defendants"),

(collectively, "Defendants"), alleges as follows:

**NATURE OF ACTION**

1.      Plaintiff Castro is a former employee of Defendants D I A Deli Grocery Corp. (d/b/a

Dia Deli Grocery), Alex Perdomo, and Yesenia Perdomo.

2.       Defendants own, operate, or control a deli, located at 1155 E Tremont Ave, Bronx,

NY 10460, under the name "Dia Deli Grocery".

3.      Upon information and belief, individual Defendants Alex Perdomo and Yesenia Perdomo, serve or served as owners, managers, principals, or agents of Defendant Corporation and, through this corporate entity, operate or operated the deli as a joint or unified enterprise.

4.      Plaintiff Castro was employed as counter worker and general assistant at the deli located at 1155 E Tremont Ave, Bronx, NY 10460.

5.      At all times relevant to this Complaint, Plaintiff Castro worked for Defendants in excess of 40 hours per week, without appropriate minimum wage, overtime, and spread of hours compensation for the hours that he worked.

6.      Rather, Defendants failed to maintain accurate recordkeeping of the hours worked and failed to pay Plaintiff Castro appropriately for any hours worked, either at the straight rate of pay or for any additional overtime premium.

7.      Further, Defendants failed to pay Plaintiff Castro the required "spread of hours" pay for any day in which he had to work over 10 hours a day.

8.      Defendants' conduct extended beyond Plaintiff Castro to all other similarly situated employees.

9.      At all times relevant to this Complaint, Defendants maintained a policy and practice of requiring Plaintiff Castro and other employees to work in excess of forty (40) hours per week without providing the minimum wage and overtime compensation required by federal and state law and regulations.

10.      Plaintiff Castro now brings this action on behalf of himself, and other similarly situated individuals, for unpaid minimum and overtime wages pursuant to the Fair Labor Standards Act of 1938, 29 U.S.C. § 201 *et seq*. ("FLSA"), and for violations of the N.Y. Labor Law §§ 190 *et seq*. and 650 *et seq.* (the "NYLL"), and the "spread of hours" and overtime wage orders of the New

York Commissioner of Labor codified at N.Y. COMP. CODES R. & REGS. tit. 12, § 146-1.6 (herein the "Spread of Hours Wage Order"), including applicable liquidated damages, interest, attorneys' fees and costs.

11.     Plaintiff Castro seeks certification of this action as a collective action on behalf of himself, individually, and all other similarly situated employees and former employees of Defendants pursuant to 29 U.S.C. § 216(b).

## JURISDICTION AND VENUE

12.     This Court has subject matter jurisdiction under 28 U.S.C. § 1331 (federal question) and the FLSA, and supplemental jurisdiction over Plaintiff Castro's state law claims under 28 U.S.C. § 1367(a).

13.      Venue is proper in this district under 28 U.S.C. § 1391(b) and (c) because all, or a substantial portion of, the events or omissions giving rise to the claims occurred in this district, Defendants maintain their corporate headquarters and offices within this district, and Defendants operate a deli located in this district. Further, Plaintiff Castro was employed by Defendants in this district.

## PARTIES

*Plaintiff*

14.     Plaintiff Ronald Lisandro Castro Lugo ("Plaintiff Castro" or "Mr. Castro") is an adult individual residing in Bronx County, New York.

15.     Plaintiff Castro was employed by Defendants at Dia Deli Grocery from approximately February 2017 until on or about October 24, 2023.

16.     Plaintiff Castro consents to being a party plaintiff pursuant to 29 U.S.C. § 216(b), and brings these claims based upon the allegations herein as a representative party of a prospective class of similarly situated individuals under 29 U.S.C. § 216(b).

*Defendants*

17.     At all relevant times, Defendants own, operate, or control a deli, located at 1155 E Tremont Ave, Bronx, NY 10460 under the name "Dia Deli Grocery".

18.     Upon information and belief, D I A Deli Grocery Corp. (d/b/a Dia Deli Grocery) is a domestic corporation organized and existing under the laws of the State of New York. Upon information and belief, it maintains its principal place of business at 1155 E Tremont Ave, Bronx, NY 10460.

19.     Defendant Alex Perdomo is an individual engaging (or who was engaged) in business in this judicial district during the relevant time period. Defendant Alex Perdomo is sued individually in his capacity as owner, officer and/or agent of Defendant Corporation. Defendant Alex Perdomo possesses operational control over Defendant Corporation, an ownership interest in Defendant Corporation, and controls significant functions of Defendant Corporation. He determines the wages and compensation of the employees of Defendants, including Plaintiff Castro, establishes the schedules of the employees, maintains employee records, and has the authority to hire and fire employees.

20.     Defendant Yesenia Perdomo is an individual engaging (or who was engaged) in business in this judicial district during the relevant time period. Defendant Yesenia Perdomo is sued individually in her capacity as owner, officer and/or agent of Defendant Corporation. Defendant Yesenia Perdomo possesses operational control over Defendant Corporation, an ownership interest in Defendant Corporation, and controls significant functions of Defendant Corporation. She

determines the wages and compensation of the employees of Defendants, including Plaintiff Castro, establishes the schedules of the employees, maintains employee records, and has the authority to hire and fire employees.

## **FACTUAL ALLEGATIONS**

*Defendants Constitute Joint Employers*

21.     Defendants operate a deli located in in the Bronx.

22.     Individual Defendants, Alex Perdomo and Yesenia Perdomo, possess operational control over Defendant Corporation, possess ownership interests in Defendant Corporation, and control significant functions of Defendant Corporation.

23.     Defendants are associated and joint employers, act in the interest of each other with respect to employees, pay employees by the same method, and share control over the employees.

24.     Each Defendant possessed substantial control over Plaintiff Castro's (and other similarly situated employees') working conditions, and over the policies and practices with respect to the employment and compensation of Plaintiff Castro, and all similarly situated individuals, referred to herein.

25.     Defendants jointly employed Plaintiff Castro (and all similarly situated employees) and are Plaintiff Castro's (and all similarly situated employees') employers within the meaning of 29 U.S.C. 201 *et seq*. and the NYLL.

26.     In the alternative, Defendants constitute a single employer of Plaintiff Castro and/or similarly situated individuals.

27.     Upon information and belief, Individual Defendants Alex Perdomo and Yesenia Perdomo operate Defendant Corporation as either an alter ego of themselves and/or failed to operate

Defendant Corporation as an entity legally separate and apart from themselves, by among other things:

    a)  failing to adhere to the corporate formalities necessary to operate Defendant Corporation as a Corporation,

    b)  defectively forming or maintaining the corporate entity of Defendant Corporation, by, amongst other things, failing to hold annual meetings or maintaining appropriate corporate records,

    c)  transferring assets and debts freely as between all Defendants,

    d)  operating Defendant Corporation for their own benefit as the sole or majority shareholders,

    e)  operating Defendant Corporation for their own benefit and maintaining control over this corporation as a closed Corporation,

    f)  intermingling assets and debts of their own with Defendant Corporation,

    g)  diminishing and/or transferring assets of Defendant Corporation to avoid full liability as necessary to protect their own interests, and

    h)  Other actions evincing a failure to adhere to the corporate form.

28.    At all relevant times, Defendants were Plaintiff Castro's employers within the meaning of the FLSA and New York Labor Law. Defendants had the power to hire and fire Plaintiff Castro, controlled the terms and conditions of employment, and determined the rate and method of any compensation in exchange for Plaintiff Castro's services.

29.    In each year from 2017 to 2023, Defendants, both separately and jointly, had a gross annual volume of sales of not less than $500,000 (exclusive of excise taxes at the retail level that are separately stated).

30.     In addition, upon information and belief, Defendants and/or their enterprise were directly engaged in interstate commerce. As an example, numerous items that were used in the deli on a daily basis are goods produced outside of the State of New York.

*Individual Plaintiff*

31.     Plaintiff Castro is a former employee of Defendants who was employed as a counter worker and general assistant.

32.     Plaintiff Castro seeks to represent a class of similarly situated individuals under 29 U.S.C. 216(b).

*Plaintiff Ronald Lisandro Castro Lugo*

33.     Plaintiff Castro was employed by Defendants from approximately February 2017 until on or about October 24, 2023.

34.     Defendants employed Plaintiff Castro as a counter worker and general assistant.

35.     Plaintiff Castro regularly handled goods in interstate commerce, such as food and other supplies produced outside the State of New York.

36.     Plaintiff Castro's work duties required neither discretion nor independent judgment.

37.     Throughout his employment with Defendants, Plaintiff Castro regularly worked in excess of 40 hours per week.

38.     From approximately October 2017 until on or about December 2019, Plaintiff Castro worked from approximately 3:00 p.m. until on or about 11:00 p.m., 4 days a week, and from approximately 3:00 p.m. until on or about 12:00 a.m., 2 days a week (typically 50 hours per week).

39.     From approximately January 2020 until on or about October 2022, Plaintiff Castro worked from approximately 3:00 p.m. until on or about 11:00 p.m., 4 days a week and from approximately 3:00 p.m. until on or about 12:00 a.m., 2 days a week, one week per month (typically

50 hours per week). However, 3 weeks out of each month, he worked from approximately 3:00 p.m. until on or about 11:00 p.m., 3 days a week, from approximately 6:00 a.m. until on or about 11:00 p.m., 1 day per week, and from approximately 3:00 p.m. until on or about 12:00 a.m., 2 days a week (typically 59 hours per week).

40.    In addition, for approximately 2 months in 2021, Plaintiff Castro worked an additional day from approximately 3:00 p.m. until on or about 11:00 p.m. (for a total of approximately 58 to 67 hours per week).

41.    From approximately November 2022 until on or about August 2023, Plaintiff Castro worked from approximately 3:00 p.m. until on or about 11:00 p.m., 4 days a week and from approximately 3:00 p.m. until on or about 12:00 a.m., 2 days a week (typically 50 hours per week).

42.    From approximately August 2023 until on or about October 24, 2023, Plaintiff Castro worked from approximately 6 days a week, for an an average of approximately 48 hours per week.

43.    Throughout his employment, Defendants paid Plaintiff Castro his wages in cash.

44.    From approximately November 2017 until on or about December 2017, Defendants paid Plaintiff Castro a fixed salary of $350 per week.

45.    From approximately January 2018 until on or about December 2018, Defendants paid Plaintiff Castro a fixed salary of $400 per week.

46.    From approximately January 2019 until on or about December 2019, Defendants paid Plaintiff Castro a fixed salary of $500 per week.

47.    From approximately January 2020 until on or about December 2020, Defendants paid Plaintiff Castro a fixed salary of $550 per week when he worked 50 hours per week and a fixed salary of $650 per week when he worked 59 hours per week.

48.     From approximately January 2021 until on or about December 2021, Defendants paid Plaintiff Castro a fixed salary of $600 per week when he worked 50 hours per week and a fixed salary of $710 per week when he worked 59 hours per week.

49.     However, for approximately 2 months in 2021, Defendants paid Plaintiff Castro a fixed salary of $710 per week when he worked 58 hours per week and $810 per week when he worked 67 hours per week.

50.     From approximately January 2022 until on or about October 2022, Defendants paid Plaintiff Castro a fixed salary of $650 per week when he worked 50 hours per week and a fixed salary of $750 per week when he worked 59 hours per week.

51.     From approximately November 2022 until on or about December 2022, Defendants paid Plaintiff Castro a fixed salary of $650 per week.

52.     From approximately January 2023 until on or about July 2023, Defendants paid Plaintiff Castro a fixed salary of $700 per week.

53.     From approximately August 2023 until on or about October 24, 2023, Defendants paid Plaintiff Castro $15 per hour for his regular hours and $22.50 for his hours over 40.

54.     Prior to approximately August 2023, Defendants did not grant Plaintiff Castro any breaks or meal periods of any kind.

55.     Prior to approximately August 2023, Plaintiff Castro was not required to keep track of his time, nor to his knowledge, did the Defendants utilize any time tracking device such as punch cards, that accurately reflected his actual hours worked.

56.     Defendants took improper and illegal deductions of Plaintiff Castro's wages; specifically, Defendants deducted $100 from Plaintiff Castro's wages because a customer paid with a counterfeit $100 bill.

57.    No notification, either in the form of posted notices or other means, was ever given to Plaintiff Castro regarding overtime and wages under the FLSA and NYLL.

58.    Defendants did not provide Plaintiff Castro an accurate statement of wages, as required by NYLL 195(3).

59.    Prior to approximately August 2023, Defendants did not give any notice to Plaintiff Castro, in English and in Spanish (Plaintiff Castro 's primary language), of his rate of pay, employer's regular pay day, and such other information as required by NYLL §195(1).

*Defendants' General Employment Practices*

60.    At all times relevant to this Complaint, Defendants maintained a policy and practice of requiring Plaintiff Castro (and all similarly situated employees) to work in excess of 40 hours a week without paying him appropriate minimum wage, spread of hours pay, and overtime compensation as required by federal and state laws.

61.    Plaintiff Castro was a victim of Defendants' common policy and practices which violate his rights under the FLSA and New York Labor Law by, *inter alia*, not paying him the wages he was owed for the hours he worked.

62.    Defendants' pay practices resulted in Plaintiff Castro not receiving payment for all his hours worked, and resulted in Plaintiff Castro's effective rate of pay falling below the required minimum wage rate.

63.    Defendants willfully disregarded and purposefully evaded recordkeeping requirements of the FLSA and NYLL by failing to maintain accurate and complete timesheets and payroll records.

64.    Defendants paid Plaintiff Castro his wages in cash.

65.     Defendants failed to post at the workplace, or otherwise provide to employees, the required postings or notices to employees regarding the applicable wage and hour requirements of the FLSA and NYLL.

66.     Upon information and belief, these practices by Defendants were done willfully to disguise the actual number of hours Plaintiff Castro (and similarly situated individuals) worked, and to avoid paying Plaintiff Castro properly for his full hours worked.

67.     Defendants engaged in their unlawful conduct pursuant to a corporate policy of minimizing labor costs and denying employees compensation by knowingly violating the FLSA and NYLL.

68.     Defendants' unlawful conduct was intentional, willful, in bad faith, and caused significant damages to Plaintiff Castro and other similarly situated former workers.

69.     Defendants failed to provide Plaintiff Castro and other employees with accurate wage statements at the time of their payment of wages, containing: the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; net wages; the regular hourly rate or rates of pay; the overtime rate or rates of pay; the number of regular hours worked; and the number of overtime hours worked, as required by NYLL §195(3).

70.     At all relevant times, Defendants failed to provide Plaintiff Castro and other employees, at the time of hiring and on or before February 1 of each subsequent year, a statement in English and the employees' primary language, containing: the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay

day designated by the employer; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; and the telephone number of the employer, as required by New York Labor Law §195(1).

## FLSA COLLECTIVE ACTION CLAIMS

71.     Plaintiff Castro brings his FLSA minimum wage, overtime compensation, and liquidated damages claims as a collective action pursuant to FLSA Section 16(b), 29 U.S.C. § 216(b), on behalf of all similarly situated persons (the "FLSA Class members"), i.e., persons who are or were employed by Defendants or any of them, on or after the date that is three years before the filing of the complaint in this case (the "FLSA Class Period").

72.     At all relevant times, Plaintiff Castro and other members of the FLSA Class were similarly situated in that they had substantially similar job requirements and pay provisions, and have been subject to Defendants' common practices, policies, programs, procedures, protocols and plans including willfully failing and refusing to pay them the required minimum wage, overtime pay at a one and one-half their regular rates for work in excess of forty (40) hours per workweek under the FLSA, and willfully failing to keep records under the FLSA.

73.     The claims of Plaintiff Castro stated herein are similar to those of the other employees.

## FIRST CAUSE OF ACTION

### VIOLATION OF THE MINIMUM WAGE PROVISIONS OF THE FLSA

74.     Plaintiff Castro repeats and realleges all paragraphs above as though fully set forth herein.

75.     At all times relevant to this action, Defendants were Plaintiff Castro's employers within the meaning of the Fair Labor Standards Act, 29 U.S.C. § 203(d). Defendants had the power to hire and fire Plaintiff Castro (and the FLSA Class Members), controlled the terms and conditions of their employment, and determined the rate and method of any compensation in exchange for their employment.

76.     At all times relevant to this action, Defendants were engaged in commerce or in an industry or activity affecting commerce.

77.     Defendants constitute an enterprise within the meaning of the Fair Labor Standards Act, 29 U.S.C. § 203 (r-s).

78.     Defendants failed to pay Plaintiff Castro (and the FLSA Class members) at the applicable minimum hourly rate, in violation of 29 U.S.C. § 206(a).

79.     Defendants' failure to pay Plaintiff Castro (and the FLSA Class members) at the applicable minimum hourly rate was willful within the meaning of 29 U.S.C. § 255(a).

80.     Plaintiff Castro (and the FLSA Class members) were damaged in an amount to be determined at trial.

## SECOND CAUSE OF ACTION

### VIOLATION OF THE OVERTIME PROVISIONS OF THE FLSA

81.     Plaintiff Castro repeats and realleges all paragraphs above as though fully set forth herein.

82.     Defendants, in violation of 29 U.S.C. § 207(a)(1), failed to pay Plaintiff Castro (and the FLSA Class members) overtime compensation at a rate of one and one-half times the regular rate of pay for each hour worked in excess of forty hours in a work week.

83.     Defendants' failure to pay Plaintiff Castro (and the FLSA Class members), overtime compensation was willful within the meaning of 29 U.S.C. § 255(a).

84.     Plaintiff Castro (and the FLSA Class members) were damaged in an amount to be determined at trial.

### THIRD CAUSE OF ACTION

### VIOLATION OF THE NEW YORK MINIMUM WAGE ACT

85.      Plaintiff Castro repeats and realleges all paragraphs above as though fully set forth herein.

86.     At all times relevant to this action, Defendants were Plaintiff Castro's employers within the meaning of the N.Y. Lab. Law §§ 2 and 651. Defendants had the power to hire and fire Plaintiff Castro, controlled the terms and conditions of his employment, and determined the rates and methods of any compensation in exchange for his employment.

87.     Defendants, in violation of NYLL § 652(1) and the supporting regulations of the New York State Department of Labor, paid Plaintiff Castro less than the minimum wage.

88.     Defendants' failure to pay Plaintiff Castro the minimum wage was willful within the meaning of N.Y. Lab. Law § 663.

89.     Plaintiff Castro was damaged in an amount to be determined at trial.

### FOURTH CAUSE OF ACTION

### VIOLATION OF THE OVERTIME PROVISIONS

### OF THE NEW YORK STATE LABOR LAW

90.      Plaintiff Castro repeats and realleges all paragraphs above as though fully set forth herein.

91.     Defendants, in violation of N.Y. Lab. Law § 190 *et seq*., and supporting regulations of the New York State Department of Labor, failed to pay Plaintiff Castro overtime compensation at rates of one and one-half times the regular rate of pay for each hour worked in excess of forty hours in a work week.

92.     Defendants' failure to pay Plaintiff Castro overtime compensation was willful within the meaning of N.Y. Lab. Law § 663.

93.     Plaintiff Castro was damaged in an amount to be determined at trial.

## FIFTH CAUSE OF ACTION

### VIOLATION OF THE SPREAD OF HOURS WAGE ORDER

### OF THE NEW YORK COMMISSIONER OF LABOR

94.     Plaintiff Castro repeats and realleges all paragraphs above as though fully set forth herein.

95.     Defendants failed to pay Plaintiff Castro one additional hour's pay at the basic minimum wage rate before allowances for each day Plaintiff Castro's spread of hours exceeded ten hours in violation of NYLL §§ 650 *et seq*. and 12 N.Y.C.R.R. §§ 146-1.6.

96.     Defendants' failure to pay Plaintiff Castro an additional hour's pay for each day Plaintiff Castro 's spread of hours exceeded ten hours was willful within the meaning of NYLL § 663.

97.     Plaintiff Castro was damaged in an amount to be determined at trial.

## SIXTH CAUSE OF ACTION

### VIOLATION OF THE NOTICE AND RECORDKEEPING

### REQUIREMENTS OF THE NEW YORK LABOR LAW

98.      Plaintiff Castro repeats and realleges all paragraphs above as though fully set forth herein.

99.      Defendants failed to provide Plaintiff Castro with a written notice, in English and in Spanish (Plaintiff Castro 's primary language), containing: the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; and the telephone number of the employer, as required by NYLL §195(1).

100.    Defendants are liable to Plaintiff Castro in the amount of $5,000, together with costs and attorneys' fees.

## SEVENTH CAUSE OF ACTION

## VIOLATION OF THE WAGE STATEMENT PROVISIONS

## OF THE NEW YORK LABOR LAW

101.     Plaintiff Castro repeats and realleges all paragraphs above as though fully set forth herein.

102.     With each payment of wages, Defendants failed to provide Plaintiff Castro with an accurate statement listing each of the following: the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; net wages; the

regular hourly rate or rates of pay; the overtime rate or rates of pay; the number of regular hours worked; and the number of overtime hours worked, as required by NYLL 195(3).

103.    Defendants are liable to Plaintiff Castro in the amount of $5,000, together with costs and attorneys' fees.

## EIGHTH CAUSE OF ACTION

### UNLAWFUL DEDUCTIONS FROM WAGES IN VIOLATION
### OF THE NEW YORK LABOR LAW

104.    Plaintiff Castro repeats and realleges all paragraphs above as though set forth fully herein.

105.    At all relevant times, Defendants were Plaintiff Castro's employers within the meaning of the N.Y. Lab. Law §§ 2 and 651.

106.    Defendants made unlawful deductions from Plaintiff Castro's wages; specifically, Defendants deducted $100 from Plaintiff's because a customer paid with a $100 counterfeit bill.

107.    The deductions made from Plaintiff Castro's wages were not authorized or required by law.

108.    Through their knowing and intentional efforts to take unauthorized deductions from Plaintiff Castro's wages, Defendants willfully violated NYLL, Article 6, §§ 190 *et seq.*, and supporting New York State regulations.

109.    Plaintiff Castro was damaged in an amount to be determined at trial.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Castro respectfully requests that this Court enter judgment against Defendants by:

(a)     Designating this action as a collective action and authorizing prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all putative class members apprising them of the pendency of this action, and permitting them to promptly file consents to be Plaintiffs in the FLSA claims in this action;

(b)     Declaring that Defendants violated the minimum wage provisions of, and associated rules and regulations under, the FLSA as to Plaintiff Castro and the FLSA Class members;

(c)     Declaring that Defendants violated the overtime wage provisions of, and associated rules and regulations under, the FLSA as to Plaintiff Castro and the FLSA Class members;

(d)     Declaring that Defendants violated the recordkeeping requirements of, and associated rules and regulations under, the FLSA with respect to Plaintiff Castro 's and the FLSA Class members' compensation, hours, wages, and any deductions or credits taken against wages;

(e)     Declaring that Defendants' violations of the provisions of the FLSA were willful as to Plaintiff Castro and the FLSA Class members;

(f)     Awarding Plaintiff Castro and the FLSA Class members damages for the amount of unpaid minimum wage, overtime compensation, and damages for any improper deductions or credits taken against wages under the FLSA as applicable;

(g)     Awarding Plaintiff Castro and the FLSA Class members liquidated damages in an amount equal to 100% of his damages for the amount of unpaid minimum wage and overtime compensation, and damages for any improper deductions or credits taken against wages under the

FLSA as applicable pursuant to 29 U.S.C. § 216(b);

(h)     Declaring that Defendants violated the minimum wage provisions of, and rules and orders promulgated under, the NYLL as to Plaintiff Castro;

(i)     Declaring that Defendants violated the overtime wage provisions of, and rules and orders promulgated under, the NYLL as to Plaintiff Castro;

(j)     Declaring that Defendants violated the spread-of-hours requirements of the NYLL and supporting regulations as to Plaintiff Castro;

(k)     Declaring that Defendants violated the notice and recordkeeping requirements of the NYLL with respect to Plaintiff Castro 's compensation, hours, wages and any deductions or credits taken against wages;

(l)     Declaring that Defendants' violations of the provisions of the NYLL and spread of hours wage order were willful as to Plaintiff Castro;

(m)     Awarding Plaintiff Castro damages for the amount of unpaid minimum wage and overtime compensation, and for any improper deductions or credits taken against wages, as well as awarding spread of hours pay under the NYLL as applicable

(n)     Awarding Plaintiff Castro damages for Defendants' violation of the NYLL notice and recordkeeping provisions, pursuant to NYLL §§198(1-b), 198(1-d);

(o)     Awarding Plaintiff Castro liquidated damages in an amount equal to one hundred percent (100%) of the total amount of minimum wage, overtime compensation, and spread of hours pay shown to be owed pursuant to NYLL § 663 as applicable; and liquidated damages pursuant to NYLL § 198(3);

(p)     Awarding Plaintiff Castro and the FLSA Class members pre-judgment and post-judgment interest as applicable;

(q)      Awarding Plaintiff Castro and the FLSA Class members the expenses incurred in this action, including costs and attorneys' fees;

(r)      Providing that if any amounts remain unpaid upon the expiration of ninety days following issuance of judgment, or ninety days after expiration of the time to appeal and no appeal is then pending, whichever is later, the total amount of judgment shall automatically increase by fifteen percent, as required by NYLL § 198(4); and

(s)      All such other and further relief as the Court deems just and proper.

## JURY DEMAND

 Plaintiff Castro demands a trial by jury on all issues triable by a jury.

Dated: New York, New York

December 4, 2023

                                                CSM LEGAL, P.C

                                        By:      /s/ Catalina Sojo, Esq.
                                                Catalina Sojo [CS-5779517]
                                                60 East 42nd Street, Suite 4510
                                                New York, New York 10165
                                                Telephone: (212) 317-1200
                                                Facsimile: (212) 317-1620
                                                *Attorneys for Plaintiff*

# CSM Legal, P.C.
### Employment and Litigation Attorneys

60 E 42nd Street, Suite 4510                                    Telephone: (212) 317-1200
New York, New York 10165                                       Facsimile: (212) 317-1620

catalina@csmlegal.com

October 19, 2023

BY HAND

TO:    Clerk of Court,

I hereby consent to join this lawsuit as a party plaintiff.
**(Yo, por medio de este documento, doy mi consentimiento para formar parte de la demanda como uno de los demandantes.)**

Name / Nombre:                    Ronald Lisandro Castro Lugo

Legal Representative / Abogado:    CSM Legal, P.C.

Signature / Firma:                Ronald Castro

Date / Fecha:                     19 de octubre 2023

*Certified as a minority-owned business in the State of New York*